IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JILL P. ESTES, as the Personal          3:20-cv-01790-BR
Representative of the Estate
of KYLE ESTES,                          OPINION AND ORDER

        Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.


**TRAVIS EIVA**
Eiva Law
101 E. Broadway, Ste. 303
Eugene, OR
(541) 636-7480

**FREDERICK LUNDBLADE III**
Reiner Slaughter Frankel L.L.P.
2851 Park Marina Dr., Ste. 200
Redding, CA  96001
(530) 241-1905

        Attorneys for Plaintiff

**RALPH C. SPOONER**
**DAVID E. SMITH**
Spooner & Much, P.C.
530 Center St. N.E., Ste. 712
Salem, OR  97301
(503) 378-7777

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on the Motion (#9) for Summary Judgment filed by Defendant State Farm Mutual Automobile Insurance Company and the Amended Motion (#14) for Partial Summary Judgment filed by Plaintiff Jill P. Estes as the Personal Representative of the Estate of Kyle Estes. The Court concludes the record is sufficiently developed and oral argument would not be helpful to resolve these Motions.

For the reasons that follow, the Court concludes there is not any genuine dispute of material fact, **DENIES** Plaintiff's Amended Motion (#14) for Partial Summary Judgment, and **GRANTS** Defendant's Motion (#9) for Summary Judgment.

## BACKGROUND

The following facts are taken from the Joint Statement of Agreed Facts (#8) and the filings of the parties in support of their respective Motions. The facts are undisputed unless otherwise noted.

On September 11, 2018, Kyle Estes was killed in a head-on motor-vehicle collision with another vehicle. At the time Estes was operating a vehicle furnished to him by his employer for work-travel and for incidental personal use.

At the time of the accident Estes was insured under two personal automobile insurance policies issued by Defendant. Each policy provided uninsured/underinsured (UM/UIM) motorist coverage.  The vehicle furnished by Estes's employer was not included as a named vehicle in either policy issued by Defendant.

Following the accident Plaintiff sought UIM benefits pursuant to the policies issued by Defendant for Estes's death. Defendant denied coverage for UIM benefits based on an Exclusion in each policy that precludes such benefits when an insured occupies a vehicle furnished for the regular use of the named insured.  Each policy provides:

> **Exclusions**
>
> THERE IS NO COVERAGE:
>
> * * *
>
> 2.  FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:
>
>> a.    WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF ***YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; . . .

Jt. Statement of Agreed Facts (#8), Exs. 1 and 2 at 28 (emphasis in original).

On September 11, 2020, Plaintiff filed an action for breach of contract in Multnomah County Circuit Court for the State of

Oregon for Defendant's failure to pay UIM benefits.

On October 16, 2020, Defendant filed a Notice of Removal in this Court and an Answer to Plaintiff's Complaint. Defendant denied Plaintiff's claim and asserted a Counterclaim for declaratory relief that Plaintiff's claim was precluded by the UIM Exclusion in the policies.

On February 19, 2021, Defendant filed a Motion for Summary Judgment seeking judgment on Plaintiff's claim for breach of contract and on Defendant's Counterclaim for declaratory relief.

On March 22, 2021, Plaintiff filed an Amended Motion for Partial Summary Judgment on the ground that her claim is not subject to Defendants' policy Exclusion.

## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must

go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*. "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually

implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.


## DISCUSSION

Defendant contends it is entitled to judgment as a matter of law on the grounds that (1) the vehicle driven by Estes was furnished by his employer for his regular use, (2) the policies exclude UIM coverage when the insured occupies a vehicle that is available for his regular use and not insured under the policy, and (3) the Oregon UIM statutes do not provide coverage for Plaintiff's claim.

Plaintiff, in turn, contends she is entitled to judgment as a matter of law on the grounds that (1) the policies provide an exception to the UIM Exclusion; (2) the UIM Exclusion does not apply because the employer restricted the use of the vehicle,

and, therefore, the vehicle was not available for regular or normal use; and/or (3) the UIM exclusion is unenforceable under Oregon statutes.  In the alternative, Plaintiff contends there is a genuine dispute of material fact as to whether the vehicle Estes was driving was "furnished for regular use."

## I.    Standards

In a diversity case the federal court applies the substantive law of the forum jurisdiction.  *Snead v. Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090, (9th Cir. 2001).  This case involves the interpretation of Oregon insurance contracts.  The Ninth Circuit has held contract interpretation is a matter of substantive law to which state law applies.  *Beck v. Metro. Prop. & Cas. Ins. Co.*, No. 3:13-CV-00879-AC, 2015 WL 4112343, at *3 (D. Or. July 6, 2015)(citing *Snook v. St. Paul Fire & Marine Ins. Co.,* 220 F. Supp. 314, 316–17 (D. Or. 1963)("This being a diversity case, jurisdiction is grounded on that fact and the [insurance] policy must be interpreted and construed in accordance with the Laws of Oregon, the place where the contract was made.").

Under Oregon law courts

> interpret insurance policy provisions according to the
> analytical framework set out in *Hoffman Construction
> Co.*[, 313 Or. 464 (1992)].  [Courts] first determine
> whether the policy defined the term at issue and, if

it did not, [courts] look to the plain meaning of the
term.  *American Hardware Ins. Group*, 167 Or. App. at
248, 2 P.3d 413.  If [the court] determine[s] that
there are two or more plausible interpretations of the
term, then we consider whether those interpretations
"withstand scrutiny, *i.e.*, continue[ ] to be
reasonable, after the interpretations are examined in
the light of, among other things, the particular
context in which that term is used in the policy and
the broader context of the policy as a whole."
*Hoffman Construction Co.*, 313 Or. at 470, 836 P.2d
703.  Only if more than one interpretation remains
reasonable after such an examination will we conclude
that the policy provision is ambiguous.  *Id.*  If the
provision is ambiguous, we construe it against the
insurer as its drafter.  *Id.* at 470-71, 836 P.2d 703.

*Clinical Research Inst. of S. Or., P.C. v. Kemper Ins. Co.*, 191
Or. App. 595, 599-600 (2004).  When the words of the policy are
required by statute, the court must follow the rules of
statutory construction to determine the intent of the
legislature.  *Wright v. Turner*, 354 Or. 815, 820 (2014).

When interpreting statutes Oregon courts review the text
and context of the statute and, when appropriate, the
legislative history and pertinent canons of statutory
construction.  *Dowell v. Oregon Mut. Ins. Co.*, 361 Or. 62, 67
(2017).

## II.  Analysis

### A.    The UIM Exclusion for vehicles furnished for "regular use" applies to Estes's work vehicle.

Defendant contends the "regular use" Exclusion of the

policies excludes coverage for Plaintiff's UIM claim because
Estes was driving a vehicle provided by his employer for Estes's
regular use.

Plaintiff, however, asserts the vehicle was not
provided for Estes's regular use, and, therefore, the Exclusion
does not apply.  Plaintiff contends Estes's use of the vehicle
was restricted to "Union business," his use of the vehicle was
subject to the "Business Manager's discretion," and he was
required to use the company vehicle rather than his own vehicle
for all business travel whenever the company vehicle was
"available."  Plaintiff also contends the employer's rules
required Estes to inspect the vehicle regularly and to provide a
copy of his driving record annually to his employer.  Estes was
also responsible for any moving violations while operating the
vehicle.  He also could only use the company vehicle for
personal matters "[i]n the event it is more efficient" than
using his personal vehicle and, in addition, as long as his use
of the work vehicle did not disrupt his work use, he reported
any mileage for personal use, and he paid income taxes on the
value of that use.  Plaintiff contends these restrictions,
limitations, and requirements by Estes's employer did not make
the vehicle available for regular or normal use.  Plaintiff

asserts the term "regular use" is ambiguous at the very least, and Defendant's Motion, therefore, is precluded because there is a genuine dispute of fact that must be resolved by a jury as to whether the vehicle was provided for Estes's "regular use."

The Oregon Supreme Court held in *George B. Wallace Company v. State Farm Mutual Automobile Insurance Company* that a vehicle is "furnished for regular use" when the insured has the "right to regular use of the automobile in the sense that there is an expressed or implied understanding with the owner of the automobile that the insured could have the use of the particular automobile . . . at such times as he desired, if available." 220 Or. 520, 526 (1960). The right to regular use rather than the specific manner of use determines whether a vehicle is "furnished for regular use." *Id.*

In *North Pacific Insurance Company v. Anderson* the Oregon Court of Appeals relied on *Wallace* when it considered the "furnished for regular use" exclusion. 110 Or. App. 269 (1991). The plaintiff filed an action for declaratory judgment that it was not responsible for the insured's collision while driving the employer's truck. The Oregon Court of Appeals affirmed summary judgment in favor of the insurer and held the truck was "furnished for regular use" of the insured within the meaning of

the policy's exclusion.  The insured argued the term "furnished

for regular use" requires a "permanent right of control and the

discretion to use the vehicle at such times as the insured

desires in place of or in addition to the insured's own 'owned'

vehicle." *Id.* at 272.  The insured also asserted its use did

not come within the term "furnished for regular use" because the

vehicle was available to him only for business purposes and not

for personal use.  *Id.*  The Court of Appeals, however, concluded

a truck furnished to the insured by his employer came within the

"furnished for regular use" exclusion on the grounds that the

vehicle was available for the insured's regular use and nothing

in the UIM statutes required a vehicle to be "totally under the

insured's control and available for personal and business use"

in order to be "furnished for regular use."  *Id.*

        The Court has not found and the parties do not cite

more recent Oregon case law regarding this issue.  Other

jurisdictions that have considered the issue have held the

"regular use" exclusion is not ambiguous and that a vehicle

furnished to an insured by an employer is furnished for "regular

use" and, therefore, is subject to the exclusion.  *See, e.g.,*

*Galvin v. Amica Mut. Ins. Co.,* 417 N.E.2d 34 (Mass. App.

1981)(police cruiser assigned for insured's use came within the

exclusion for UIM coverage for a vehicle "regularly used by" the
insured); *Westhaver v. Haw. Ins. & Guar.*, 549 P.2d 507 (Wash.
App. 1976)(the van that belonged to the insured's employer,
which insured drove on a regular basis while performing his work
duties and which insured was driving to a job assignment when
the accident occurred, was properly excluded from coverage under
the policy exclusion for a vehicle furnished for the regular use
of the insured).

In this case the undisputed facts establish the
vehicle was furnished to Estes by his employer; the vehicle was
regularly parked in the driveway of Estes's home when not in
use; Estes was permitted to use the vehicle for work travel; and
Estes was permitted to use the vehicle for personal matters that
did not disrupt his work use as long as he reported any mileage
for personal use as income and paid taxes on the value of that
use.

In summary, the Court concludes the term "furnished
for regular use" is not ambiguous and, based on this record, the
vehicle that Estes was driving at the time of the accident was
furnished by his employer for Estes's "regular use."
Accordingly, the Court concludes Plaintiff's claim for UIM
damages is precluded by the Exclusion for bodily injury

sustained while Estes occupied a vehicle that was furnished by
his employer for regular use and is not named in the policy.

**B.    The exception to the "regular use" Exclusion in the
policies does not apply in this case.**

Plaintiff contends there is an exception to the
"regular use" Exclusion in the polices that applies to her
claim.  Plaintiff relies on the following language of the
policies:

> This exclusion does not apply to the first ***person***
> shown as a named insured on the Declarations Page and
> that named insured's ***spouse*** who resides primarily with
> that named insured, while ***occupying*** . . . a motor
> vehicle not ***owned by*** or furnished for the regular use
> of one or both of them.

(Emphasis in original.)  Defendant, however, points out and
Plaintiff concedes this language was amended by the 6937B.2
Amendatory Endorsement to the policies that limits the
exceptions to the Exclusion under Section 2.b. of the policies
and does not apply to the Exclusion under Section 2.a., which is
the Exclusion at issue in this case.  Plaintiff, however,
contends the Amendatory Endorsement does not alter the exception
on which she relies.  Plaintiff asserts the Amendatory
Endorsement "targets only the 'exclusion' for vehicles
'furnished for the regular use' of the insured *but not* the
exception [on which she relies] to that exclusion."  Pl.'s Reply

(#19) at 5 (emphasis in original).  Plaintiff contends the

Amendatory Endorsement provides only that the original Exclusion

be deleted and replaced, but it did not clearly change or

otherwise delete the exception on which she relies.

As noted, the policies provide the following Exclusion

for UM/UIM coverage:

**Exclusions**

THERE IS NO COVERAGE:

* * *

2.   FOR AN ***INSURED*** WHO SUSTAINES ***BODILY INJURY***:

    a.   WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** OR
         FURNISHED FOR THE REGULAR USE OF ***YOU*** OR ANY
         ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A
         ***NEWLY ACQUIRED CAR***; OR

    b.   THROUGH BEING STRUCK BY A MOTOR VEHICLE
         ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF
         ANY ***RESIDENT INSURED.***

    This exclusion does not apply to the first ***person***
    shown as a named insured on the Declarations Page and
    that named insured's ***spouse*** who resides primarily with
    that named insured, while ***occupying*** . . . a motor
    vehicle not ***owned by*** or furnished for the regular use
    of one or both of them . . .

Jt. Statement of Agreed Facts (#8), Exs. 1 and 2 at 28 (emphasis

in original).  The Amendatory Endorsement attached to the

policies provides the following:

14 – OPINION AND ORDER

      b.    **Exclusions**

        (1) Exclusion 2. is changed to read:

        THERE IS NO COVERAGE FOR AN **INSURED** WHO SUSTAINS **BODILY INJURY**:

        a.    WHILE **OCCUPYING** A MOTOR VEHICLE **OWNED BY** OR FURNISHED FOR THE RGULAR USE OF **YOU** IF IT IS NOT **YOUR CAR** OR A **NEWLY ACQUIRED CAR;** OR

        b.    WHILE **OCCUPYING** A MOTOR VHEICLE **OWNED BY** OR FURNISHED FOR THE REGULAR USE OF ANY **RESIDENT RELATIVE** IF IT IS NOT **YOUR CAR** OR A **NEWLY ACQUIRED CAR.** This exclusion (2.b.) does not apply to the first **person** shown as a named insured on the Declarations Page and that names insured's **spouse** who resides primarily with that named insured, provided the motor vehicle is **owned by** neither that named insured nor that spouse.

Jt. Statement of Agreed Facts (#8), Exs. 1 and 2 at 48, 52 (emphasis in original).

      The exception changed by the Amendatory Endorsement applies explicitly only to Exclusion 2.b., which is not the Exclusion at issue. Exclusion 2.a. applies to the named insured (defined as **you** in the policies), and Exclusion 2.b. applies to **resident relatives**. Estes is explicitly excluded from the definition of **resident relative** because he was one of the named insureds in the policies.

      The Court concludes on this record that the Amendatory Endorsement relates only to Exclusion 2.b. and that

Exclusion 2.a unambiguously excludes UIM coverage for
Plaintiff's claim.

     **C.**     **The Exclusion in the policies for "furnished for
           regular use" is enforceable under Oregon statute.**

       Plaintiff contends the Exclusion for "furnished for
regular use" is unenforceable under Oregon law.  Plaintiff
asserts the language of the Exclusion is unenforceable because
it does not track the Exclusion allowed under Oregon Revised
Statutes § 742.504 and the Exclusion provides coverage that is
less favorable than what is required under the statute.

       Defendant, in turn, contends the UIM Exclusion of the
policies is enforceable, and, therefore, the Oregon statute does
not provide coverage to Plaintiff.

       To determine the enforceability of a provision for UIM
coverage, the Court compares the coverage provided by the policy
against the coverage provided by a "comprehensive model UM/UIM
policy" containing only the provisions set forth in Oregon
Revised Statutes § 742.504.  *See Vega v. Farmers Ins. Co. of
Oregon*, 323 Or. 291, 302 (1996).  If the coverage provided by
the issued policy is neutral or more favorable than the coverage
provided by the comprehensive model policy, then the provision
is enforceable.  *Id.*

Oregon Revised Statutes § 742.504(4)(b) provides:

> This [UIM] coverage does not apply to bodily
> injury of an insured while occupying a vehicle,
> other than an insured vehicle, owned by or
> furnished for the regular use of, the named
> insured or any relative resident in the same
> household, or being struck by the vehicle.

The statutory language excludes UIM coverage for injury to an insured while occupying a vehicle that is furnished for his regular use unless the vehicle is insured under the policy. The policies at issue in this case contain virtually identical language.

The Court has concluded the undisputed facts establish the vehicle that Estes was driving at the time of the accident was not a vehicle insured under Defendant's policies and that the vehicle was furnished for Estes's regular use. Accordingly, the Exclusion for UIM coverage in the policies is valid and applies to Plaintiff's claim.

In summary, the Court concludes there is not a genuine dispute of material fact (1) that the vehicle driven by Estes was furnished by his employer for his regular use, (2) that the policies exclude UIM coverage when the insured occupies a vehicle furnished for his regular use that is not insured under the policy, and (3) that the policy Exclusion is enforceable under Oregon UIM statutes. Accordingly, the Court concludes the

policies at issue here do not provide coverage for Plaintiff's UIM claim.

## CONCLUSION

For these reasons the Court **DENIES** Plaintiff's Amended Motion (#14) for Partial Summary Judgment and **GRANTS** Defendant's Motion (#9) for Summary Judgment.  The Court, therefore, enters **JUDGMENT** in favor of Defendant and **DISMISSES** this matter with prejudice.

IT IS SO ORDERED.

DATED this 19th day of May, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge